IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:24-cv-01105-SKC-STV

BYRON L. WHITEHORN,

        Plaintiff,

v.

BETH McCANN, in her official and individual capacities, *et al.*,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (DKT. 54) AND SETTING ASIDE CLERK'S ENTRIES OF DEFAULT**

This Order addresses three motions: (1) Defendants Beth McCann, Laura Mullins, and Danielle C. Robinson's ("DA Defendants") Motion to Set Aside Entry of Default (Motion to Set Aside) (Dkt. 47[1]); (2) Plaintiff Byron L. Whitehorn's Motion for Leave to File an Amended Complaint (Motion for Leave) (Dkt. 54), and (3) the DA Defendants' Motion to Dismiss (MTD) (Dkt. 48). The Court has reviewed the Motions and related briefing. No hearing is necessary.

For the reasons discussed below, the Court GRANTS the Motion to Set Aside, GRANTS the Motion for Leave, and DENIES AS MOOT the MTD. The Court *sua*

---

[1] The Court uses "Dkt. ___" to refer to entries in the CM/ECF Court filing system.

1

*sponte* ORDERS the Clerk's Entry of Default against Defendants Steven D. Bishop and Loretta Beauvais be set aside in light of Plaintiff's newly amended complaint.

### A.   PROCEDURAL HISTORY

Plaintiff filed his Amended Prisoner Complaint on May 13, 2024. Dkt. 8. The court previously granted his motion to proceed pursuant to 28 U.S.C. § 1915. Dkt. 6. On July 25, 2024, the Court ordered the case drawn to a presiding judge (Dkt. 15), and the Clerk of Court entered a Certificate of Service stating the Clerk's office mailed the Certificate of Service along with the Amended Prisoner Complaint and other filings to the U.S. Marshals Service for service on each of the Defendants (Dkt. 19). On August 21, 2024, summonses were returned executed for Defendants Steve D. Bishop, Beth McCann, Danielle C. Robinson, and Lara Mullins. Dkts. 23, 24, 25, 27. Each was served on August 8, 2024. *Id.* Answers for these Defendants were due August 29, 2024. Fed. R. Civ. P. 12(a)(1).

The first service attempt on Defendant Loretta Beauvais, however, failed. Dkt. 26. On August 30, 2024, the Clerk again filed a Certificate of Service stating his office had mailed the Amended Prisoner Complaint and other filings to the U.S. Marshals Service for service on Defendant Beauvais. Dkt. 32. She was served September 5, 2024, with a responsive pleading due September 26, 2024. Dkt. 36.

Meanwhile, Plaintiff began seeking default judgments against the Defendants. On September 9, 2024, he filed a Motion for Entry of Default (Dkt. 33) and a Motion for Default Judgment (Dkt. 34) against the DA Defendants and Defendant Bishop.

2

The Clerk, however, declined to enter default because Plaintiff had not complied with all the requirements for entry of default. Dkt. 35. And this Court denied his motion for default judgment, without prejudice, because the Clerk had not yet entered default. Dkt. 37.

Later, on September 23, 2024, Plaintiff filed a renewed motion for entry of default against the DA Defendants and Defendant Bishop. Dkt. 42. The Clerk entered default against them on October 1, 2024. Dkt. 44. Next, Plaintiff sought entry of default against Defendant Beauvais on October 16, 2024 (Dkt. 45), which the Clerk granted the same day (Dkt. 46).

On November 1, 2024, counsel for the DA Defendants entered appearances and filed two motions—the Motion to Set Aside (Dkt. 47) and the MTD (Dkt. 48). The Motion to Set Aside asks the Court to set aside the Clerk's entries of default against the DA Defendants. *See generally* Dkt. 47. The MTD requests dismissal of Plaintiff's claims against the DA Defendants under Federal Rule of Civil Procedure 12(b)(6). *See generally* Dkt. 48. Plaintiff opposed the relief sought in the Motion to Set Aside (Dkt. 49) and failed to timely respond to the MTD. Dkt. 55 (Plaintiff's untimely response to the MTD). After receiving an extension, the DA Defendants filed a reply in support of the Motion to Set Aside on December 9, 2024. Dkt. 53. On January 6, 2025, Plaintiff filed the Motion for Leave seeking leave to file an amended complaint. Dkt. 54.

### B.   ANALYSIS

**1.   Motion to Set Aside**

Rule 55(c) requires a showing of good cause to set aside an entry of default. *Hunt v. Ford Motor Co.*, 65 F.3d 178 (Table), 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (citing Fed. R. Civ. P. 55(c)). The principal factors in determining whether a defendant has met the good cause standard are: (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense. *Id.* (citing *In re Dierschke,* 975 F.2d 181, 183 (5th Cir. 1992)); *Gray v. Knight Sec. & Patrol, Inc*, No. 16-cv-03086-PAB-KLM, 2017 WL 11569537, at *2 (D. Colo. May 26, 2017) (citing *Hunt*, 1995 WL 523646, at *3). These factors are not "talismanic"—the court may consider other factors and need not consider all the factors. *Hunt*, 1995 WL 523646, at *3. Ultimately, "[g]uiding the Court's analysis is the time-honored principle that '[t]he preferred disposition of any case is upon its merits and not by default judgment.'" *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) (quoted authority omitted).

If the default was the result of the defendant's culpable conduct, the court may refuse to set aside the default on that basis alone. *Hunt*, 1995 WL 523646, at *3 (quoted authority omitted). Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default. *Id.*; *see also Meadows v. Dominican Republic,* 817 F.2d 517, 521 (9th Cir. 1987), *cert. denied,* 484 U.S. 976

4

(1987) (receiving actual notice of complaint and failing to respond is culpable conduct). But the issue of culpable conduct is not dispositive. *See Gray*, 2017 WL 11569537, at *2, *3 (finding defendant's conduct culpable but still setting aside the entry of default).

First, the Court finds the DA Defendants' conduct culpable, but only mildly so. True, they were served the Amended Complaint and failed to answer or otherwise respond to it. But their counsel explains that there were two simultaneous cases—one in state court and this case—involving the Plaintiff and the DA Defendants and concerning the same or similar events that led to confusion for them regarding the status of this case. Dkt. 47, pp.4-6. And counsel, upon realizing his mistake in this case, "acted diligently filing this Motion within two days of learning of the entry of default." *Id.* at p.6.

Second, on the countervailing consideration of prejudice to the Plaintiff, the Court finds that no prejudice exists. Indeed, Plaintiff does not allege any prejudice to himself in his Response. *See* Dkt. 49. Rather, he instead relies formulaically on the DA Defendants' failure to respond and summarily states he has been penalized. *Id.* at ¶7. But "setting aside a default must prejudice plaintiff in a more concrete way, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Pharmatech Oncology, Inc. v. Tamir Biotechnology, Inc.*, No. 11-cv-01490-LTB-KMT, 2011 WL 4550202, at *10 (D. Colo. Oct. 3, 2011) (citations omitted). Considering this case is in the early stages of litigation, Plaintiff will not be

5

unduly prejudiced in posturing this case for a resolution on its merits. *See* Wright & Miller § 2699 Fed. Prac. & Proc. Civ. § 2699 (4th ed.) (quoting *Jackson v. Delaware County*, 211 F.R.D. 282, 283 (E.D. Pa. 2002)) ("The fact that a plaintiff will have to litigate an action on the merits rather than proceed by default does not constitute prejudice."). And delay or increased litigation costs alone are insufficient to avoid setting aside the entry of default. *Pharmatech Oncology*, 2011 WL 4550202, at *10.

Moreover, Plaintiff has since filed his motion seeking leave to file an amended complaint. Dkt. 54. His desire to file an amended complaint belies any assertion of prejudice to him.

Third, the DA Defendants filed their MTD the same day they moved to set aside the entries of default. The MTD sets forth their claimed meritorious defenses, and without prejudging those defenses, the Court finds their claimed defenses have sufficient merit for purposes of supporting their Motion to Set Aside. Dkt. 48.

Accordingly, the Court finds good cause to GRANT the Motion to Set Aside.

2.  **Motion for Leave**

Plaintiff filed his Motion for Leave seeking leave to file an amended complaint under Federal Rule of Civil Procedure 15(a). Dkt. 54. The Motion for Leave explains that he "did not have access to certain exculpatory evidence and timelines. Because of Plaintiff's incarceration, due diligence has taken some time." *Id.* at p.1. No response has been filed to date. *See* D.C.COLO.LCivR 7.1(d).

The purpose of Rule 15(a) is to facilitate a decision on the merits. *Bob Marshall All. v. Lujan*, 804 F. Supp. 1292, 1298 (D. Mont. 1992) (the court's exercise of discretion must "be guided by the underlying purpose of Rule 15–to facilitate decision on the merits, rather than on the pleadings or technicalities."). Thus, motions to amend should be freely granted when justice requires. *See, e.g., Bellairs v. Coors Brewing Co.*, 907 F. Supp. 1448, 1459 (D. Colo. 1995). When considering the "needs of justice," the Court must take into account the interests of all parties, including whether the amendment is futile or will result in undue prejudice. *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

In light of Plaintiff's claim that his proposed amended complaint (Dkt. 54-1) contains new allegations of exculpatory evidence that was previously unavailable to him, the Court finds the interests of justice warrant allowing amendment. And the court finds no prejudice to the various Defendants. The Motion for Leave is GRANTED.

### 3.     Entries of Default Against Defendants Bishop and Beauvais

The Clerk of Court entered default against Defendants Bishop and Beauvais on October 1, 2024, and October 16, 2024, respectively. Dkts. 44, 46. These entries of default were based on the earlier complaint which is no longer operative considering the Court has now granted Plaintiff leave to file an amended complaint.

An "entry of default must be set aside [if] it was directed at a superseded pleading." *Warren v. Green Tree Servicing, LLC*, 663 F. App'x 703, 710 (10th Cir.

7

2016); *see also Adolas, LLC v. Alexander Andrews & Assocs., LLC*, No. 19-cv-00881-DDC-MEH, 2019 WL 13195252, at *1 (D. Colo. Nov. 5, 2019) ("Filing an amended complaint renders moot a subsequently filed motion for default judgment against a party whose default was based on the original complaint.") (surveying cases); *and see Marotta v. Cortez*, No. 08-cv-02421-CMA-CBS, 2008 WL 5044496, at *1 (D. Colo. Nov. 20, 2008) ("An amended complaint supersedes the original complaint, rendering it of no legal effect and waiving all causes of action alleged in the original complaint but not alleged or incorporated into the amended complaint."). The Court, therefore, *sua sponte* SETS ASIDE the entries of default against Defendants Bishop and Beauvais as a result.

\*   \*   \*

For the reasons shared above, the Court ORDERS the following:

1. The DA Defendants' Motion to Set Aside Entry of Default (Dkt. 47) is GRANTED;
2. Plaintiff's Motion for Leave to File an Amended Complaint (Dkt. 54) is GRANTED;
3. the DA Defendants' Motion to Dismiss (Dkt. 48) is DENIED AS MOOT;
4. the Clerk's Entry of Default against the DA Defendants and Defendants Bishop and Beauvais is SET ASIDE;
5. the Clerk of Court shall docket the proposed Amended Complaint (Dkt. 54-1) as the Amended Complaint with a separate docket entry; and

6. the United States Marshal is ORDERED to serve the Amended Complaint, after it is docketed by the Clerk of Court, on Defendants Bishop and Beauvais.

DATED: January 14, 2025.

BY THE COURT:

S. Kato Crews
Unites States District Judge